# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BANCO POPULAR DE PUERTO RICO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LORRAINE QUETEL a/k/a LORRAINE D. ) <br> QUETEL; and ERNEST QUETEL, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 2010–103 |

**APPEARANCES:**

**Justin K. Holcombe, Esq.**
Dudley Topper Feuerzeig
St. Thomas, VI
   *For Banco Popular de Puerto Rico*

**Richard H. Dollison, Esq.**
Law Offices of Richard H. Dollison, PC
St. Thomas, VI
   *For Ernest Quetel,*

**Lorraine Quetel**
   *Pro se defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Ernest Quetel to reconsider the Magistrate Judge's order depositing certain funds into the Court's Forfeiture of Unclaimed Money and Property Fund.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 8, 2010, Banco Popular de Puerto Rico ("Banco Popular") initiated this action for debt and foreclosure against

Lorraine Quetel a/k/a Lorraine D. Quetel and Ernest Quetel (collectively the "Quetels").

On August 17, 2012, the Court entered judgment in favor of Banco Popular. In its August 17, 2012, Judgment, the Court awarded Banco Popular the sum of one hundred and sixteen thousand, six hundred and thirty-eight dollars and forty cents ($116,638.40). The Court also ordered foreclosure of the property described as:

> Parcel #228 Estate Wintberg
> No. 3 Great Northside Quarter, St. Thomas, USVI
> As shown on P.W.D. No. A9-85-T68
> Dated March 15, 1968 (the "Property")

On October 29, 2012, the Court issued a writ of execution for the Judgment. On January 7, 2013, the United States Marshal sold the Property for $130,013.92. Thereafter, the Court entered an order confirming the sale of the Property.

After the redemption period expired, Banco Popular sought an award of attorney's fees and costs and release of funds. Ernest Quetel then filed a combined: (1) motion seeking fifty percent of the funds remaining in the Court's registry after satisfaction of the foreclosure judgment (the "excess funds"), and (2) opposition to Banco Popular's motion. That filing was served on both Banco Popular and Lorraine Quetel. In his motion, Ernest Quetel asserted that he was entitled to fifty percent of the excess funds as a judgment debtor, but did not direct the

Court to any evidence that he was entitled to that percentage of the excess funds.

On March 5, 2015, the Magistrate Judge issued a Report and Recommendation. The Magistrate recommended that the Court grant Banco Popular's motion for attorney's fees and costs in part and release the funds to Banco Popular. The Magistrate also recommended that the Court deny Ernest Quetel's motion because although Banco Popular did "not dispute defendant's right to a share of the excess proceeds from the Marshal's sale, . . . defendant has failed to submit evidence supporting his entitlement to 50% of the excess proceeds." ECF No. 50, at 11. The Magistrate further recommended that the motion be "DENIED without prejudice subject to submission of evidence indicating defendant's right thereto." *Id.*

On March 9, 2015, Ernest Quetel filed a "response" to the Report and Recommendation. Attached to that filing are the warranty deed for the Property and his own affidavit. The warranty deed provides that Ernest Quetel and Lorraine Quetel own the Property as "joint tenants with full right of survivorship." ECF No. 51-2, at 1. In addition, Ernest Quetel's affidavit states that although he and Lorraine Quetel had divorced, "[t]he [P]roperty was not distributed in the divorce and there was no prior or subsequent property division, so that on the date of the Marshal's sale in the instant matter it

remained owned equally by me and Lorraine Quetel." ECF No. 51-1, at ¶¶ 7-8. That response was served on both Banco Popular and Lorraine Quetel.

On March 24, 2015, the Court entered an order (the "Release of Funds Order") adopting the Magistrate Judge's Report and Recommendation. Subsequently, on March 3, 2017, the Magistrate ordered that the excess funds--$8,340.71--be deposited in the Court's Forfeiture of Unclaimed Money and Property Fund because "a refund, upon claim, is absolutely and unequivocally justified; however, the rightful owner of these funds is presently unknown" (the "Deposit Order"). ECF No. 55.

On March 6, 2017, Ernest Quetel filed the instant motion for reconsideration of the Deposit Order. That filing was served on both Banco Popular and Lorraine Quetel. In his motion, Ernest Quetel again asserts his right to fifty percent of the excess funds.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3, which provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;

    2. availability of new evidence, or;

    3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT & T of the V.I.,* 312 F.Supp.2d 731, 733 (D.Vi.2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

### III. <u>ANALYSIS</u>

In his motion for reconsideration, Ernest Quetel argues that the Deposit Order is the result of clear error and causes manifest injustice because the Court's Release of Funds Order was not consistent with the law. ECF No. 56, at 4. Further, Ernest Quetel requests that the Court "reconsider the . . . [Deposit Order] and release one half of the excess sale proceeds to him." *Id.* at 5. On its face, Ernest Quetel's petition appears

to seek reconsideration of two orders: (1) the Release of Funds Order, and (2) the Deposit Order.

As a preliminary matter, the Court notes that Ernest Quetel filed the instant motion on March 6, 2017, almost two years after the Court issued the Release of Funds Order. Thus, to the extent it seeks reconsideration of that order, it was filed well outside the 14 day deadline for filing motions for reconsideration. *See* LRCi 7.3. Even so, the Court may *sua sponte* reconsider the Release of Funds order. *See DeFranco v. Wolfe*, 387 F. App'x 147, 155 (3d Cir. 2010) (holding that, where no party was prejudiced and no final judgment had been entered, a district court was permitted to *sua sponte* reconsider an earlier issued order).

Here, the excess funds remain in the custody of the Court and the Release of Funds Order does not bar Ernest Quetel from filing additional motions for release of those funds if he adduces further evidence of ownership. As such, there is no final judgment with respect to the excess funds. Furthermore, entertaining this motion will not prejudice any party. As such, the Court will address the merits of the motion.

In his motion, Ernest Quetel argues that the Court erred when it held that he had not met his burden of showing that he was entitled to one-half of the excess funds.

After a foreclosure sale, if the sale is confirmed, any remaining proceeds from the sale must be paid to the judgment debtor. *See* 5 V.I.C. § 489(5). In the Court's foreclosure order, the Court found that Ernest Quetel and Lorraine Quetel were the title holders of the Property. *See Judgment*, ECF No. 32, at 2. As such, they are the judgment debtors and are entitled to the excess funds.

In support of his contention that he was entitled to one-half of the excess funds, Ernest Quetel previously adduced evidence in his response to the Report and Recommendation showing that he and Lorraine Quetel owned the Property as joint tenants with a right of survivorship. *See Warranty Deed*, ECF No. 51-2, at 1. Upon reconsideration, the Court finds that that evidence is sufficient to show that Ernest Quetel is entitled to one-half of the excess funds.

In the Virgin Islands, there is a presumption that joint tenants are entitled to an equal share of the proceeds from a property. *Cf. Phaire v. Phaire*, No. CIV. 1062-1987, 1989 WL 101291, at *2 (D.V.I. App. Div. Aug. 24, 1989) ("Where two persons take under a deed as tenants in common, and the deed does not recite their interests, the presumption must be that the shares of the parties are equal."); *accord Thompson v. Thompson*, 2017 WL 5565652, at *3 (V.I. Super. Nov. 6, 2017) (holding in a divorce proceeding that "in the absence of

evidence . . . to rebut the presumption of . . . [joint tenants'] equal share in the properties, it is appropriate that . . . [the property] be equally divided between the parties"); *see also Loring v. Palmer*, 118 U.S. 321, 341, 6 S. Ct. 1073, 1080, 30 L. Ed. 211 (1886)("[T]he rule in Michigan, as well as in all other states where the principles of the common law prevail, is that where a conveyance of lands is made to two or more persons, and the instrument is silent as to the interest which each is to take, the presumption will be that their interests are equal.").

Although she was served with the motion for reconsideration and the response to the Report and Recommendation, Lorraine Quetel has not filed any response or adduced any evidence to rebut the presumption of equal ownership. As such, the Court finds that Ernest Quetel has established that he and Lorraine Quetel owned the Property in equal shares.

Accordingly, Ernest Quetel is entitled to fifty percent of the excess funds and Lorraine Quetel is entitled to the other fifty percent of the excess funds. Because the Court will order the distribution of the excess funds to the Quetels, it is not necessary to reconsider the Deposit Order.

The premises considered, it is hereby

  **ORDERED** that the motion for reconsideration is **GRANTED**; it is further

  **ORDERED** that the Clerk of Court shall disburse fifty percent of the excess funds to Ernest Quetel; and it is further

  **ORDERED** that the Clerk of Court shall disburse fifty percent of the excess funds to Lorraine Quetel.


             S\_____
             **CURTIS V. GÓMEZ**
             **District Judge**